**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 07-CV-01956-RPM-MJW

CMC GROUP, INC.

        Plaintiff,

vs.

BELKIN ELECTRIC, INC.

        Defendant.
_____

**ORDER FOR TRANSFER TO U.S.D.C. FOR THE CENTRAL DISTRICT OF
CALIFORNIA, WESTERN DIVISION**
_____

      This civil action was initiated by a complaint, filed September 17, 2007, alleging jurisdiction under 28 U.S.C. § 1332 in that the plaintiff is a Colorado corporation with its principal place of business in Colorado and the defendant is a California corporation with its principal place of business in Riverside, California.  The claims for relief are for breach of contract and breach of implied warranty under that contract under which the defendant as a sub-contractor on a project in Victorville, California, agreed to perform electrical work for a contract price of $490,015.00. The allegations are that the defendant failed to complete the work on time and failed to pay suppliers and sub-contractors.

      On October 15, 2007, the defendant Belken Electric, Inc., filed a motion to dismiss for lack of personal jurisdiction, for improper venue and for transfer under 28 U.S.C. § 1404(a).  Attached to the motion are declarations of Tim Bayus and Damon Nichols.  The plaintiff filed a response on November 14, 2007, attaching

correspondence and billing records.  The statements in the filed declarations are not disputed by conflicting or contradicting declarations.  It therefore appears that all of the performance of the contract was in California and that the defendant does no business in the State of Colorado other than its communications with the plaintiff here in connection with the matter in dispute.  Personal jurisdiction in this matter is problematic.  What is clear is that the defendant will be prejudiced if this matter goes forward in this district.  The attached declarations demonstrate that all of the suppliers and sub-contractors are in California and that non-party witnesses could not be required to appear here.  It also appears that governmental inspectors in California will be necessary witnesses and that the plaintiff's project superintendent, Rick Mazzella, was on the scene in California.

Accordingly, it is

ORDERED that for the convenience of parties and witnesses and in the interest of justice this civil action is transferred to the United States District Court for the Central District of California, Western Division.

DATED this 15th day of November, 2007.

BY THE COURT:

s/Richard P. Matsch

_____
District Court Judge